UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

DANIEL PAULINO

        Plaintiff,

                               O5-CV-4647 (GBD)

   -against-

NEW YORK NEWSPAPER PRINTING
PRESSMEN'S UNION LOCAL 2

------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

Neil M. Frank, Esq. (NF0571)
Attorney for Plaintiff
500 Bi-County Boulevard, Suite 112N
Farmingdale, New York 11735
(631) 756-0400

**TABLE OF CONTENTS**

I.  INTRODUCTION..................................................................................................3

II. STATEMENT OF FACTS.....................................................................................3

III. STANDARDS ON MOTION TO DISMISS AND
    SUMMARY JUDGMENT......................................................................................3

    A.  The Standard on Motion to Dismiss................................................................3

    B.  The Standard on Motion for Summary............................................................4

ARGUMENT..................................................................................................................5

I.  PLAINTIFF'S FEDERAL DISCRIMINATION CLAIM IS PROPER..................5

    A.  Joint Employer.................................................................................................5

    B.  Discrimination under Title VII........................................................................6

II. PLAINTIFF'S CLAIM AGAINST LOCAL 2 FOR VIOLATIONS
    OF THE NEW YORK STATE HUMAN RIGHTS LAW AND/
    OR NEW YORK CITY ADMINISTRATION CODE...........................................9

III. PLAINTIFF'S CLAIM AGAINST LOCAL 2 FOR VIOLATIONS
     OF COBRA...........................................................................................................9

IV. PLAINTIFF'S ERISA CLAIM..............................................................................8

V.  PLAINTIFF'S DUTY OF FAIR REPRESETNTATION.....................................10

VI. LOCAL 2 SHOULD NOT BE REIMBURSED FOR
    COUNSEL FEES EXPENDED IN DEFENDING THIS
    ACTION...............................................................................................................10

## I. INTRODUCTION

Plaintiff Daniel Paulino (hereinafter "Plaintiff" or "Paulino"), by and through his attorneys, respectfully submits this memorandum in opposition to the motion to dismiss and for summary judgment made by Defendant, New York Printing Pressmen's Union, Local 2 (hereinafter "Defendant" "Union" or "Local 2") pursuant to Federal Rule of Civil Procedure 56.

## II. STATEMENT OF FACTS

Paulino commenced this action on May 11, 2005, alleging the Defendant Union violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and the Labor Management Relations Act ("LMRA"). The complaint was amended on July 6, 2005, to assert claims under Sections 502 and 510 of the Employee Retirement Income Security Act ("ERISA").[1]

## III. THE STANDARDS ON MOTION TO DISMISS AND SUMMARY JUDGMENT

A. <u>The Standard on a Motion to Dismiss</u>

Under Rule 12 of the Federals Rule of Civil Procedure, a complaint should not be dismissed because, "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim's that will give the defendant fair notice of what the plaintiff's claim is and the

---

[1] Plaintiff opposes motion to dismiss and for summary judgment with respect to claims under Title VII.

3

grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957)." The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Id.* at 48.

B. <u>The Standard on a Motion for Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure provides that a motion for summary judgment may be granted only when there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The standards governing motions for summary judgment are rigorous.

The Second Circuit has repeatedly noted that "as a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." *Brady v. Town of Colchester*, 863 F.2d 205, 210 (2d Cir.1988); *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1304 (2d Cir.1995). The trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue resolution. *Gallo v. Prudential Residential Servs. Ltd. Partnership,* 22 F.3d 1219, 1224 (2d Cir. 1994).

**ARGUMENT**

I.  **PLAINTIFF'S FEDERAL DISCRIMINATION CLAIM IS PROPER**

A. **Joint Employer**

The basis for this action is under the Joint Employer Theory. The Union is a labor organization whose purpose is dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours and other terms or conditions of employment.

The Union is a joint employer because the conditions of Plaintiff's employment are controlled by the Union and the New York Post. The court considers a variety of factors in determining whether or not joint status exists: the dominant entity's control over the hiring, discipline, or discharge of employees of the subordinate entity; control over work assignments and schedules; and the existence of a duty to train or pay these employees. "Although section 703(a)[2] makes unlawful only discriminatory employment practices of an 'employer' this term has been construed in a functional sense to encompass persons who are not employers in conventional terms, but who nevertheless control some aspect of an individual's compensation, terms, conditions, or privileges of employment." *EEOC v. Sage Realty Inc.,* 87 F.R.D. 365, 370 (S.D.N.Y. 1980), citing *Spirt v. Teachers Insurance and Annuity Association,* 475 F.Supp. 1298, 1307- 08 (S.D.N.Y.1979); *Sibley Memorial Hospital v. Wilson,* 488 F.2d 1338, 1341- 42 (D.C.Cir.1973); *Puntolillo v. New Hampshire Racing Comm'n,* 375 F.Supp. 1089, 1092 (D.N.H.1974); *Hairston v. McLean Trucking Co.,* 62 F.R.D. 642, 655-56 (M.D.N.C.1974), vacated on other grounds, 520 F.2d 226 (4th Cir. 1975). See also *Manley v. Mobile County,* 441 F.Supp. 1351, 1355-56 (S.D.Ala.1977); *Curran v.*

---

[2] 42 U.S.C. 2000e [703]

*Portland Superintending School Committee,* 435 F.Supp. 1063, 1072-73 (D.Me.1977).

In this case, the Union admits it is responsible for determining when an individual is promoted to journeyman status. <u>See</u> Heffernan Dec., footnote #1 Yet, Plaintiff received a letter from The New York Post regarding his eligibility to become a journeyman. The letter was not an exhibit, but incorporated by reference in the complaint. Defendants claim the letter from the New York Post is irrelevant.

The Plaintiff has a right to develop the record to determine the circumstances under which the letter was sent, the basis of The New York Post's statement of eligibility, the intent of the letter, and other issues.

### B. Discrimination under Title VII

With respect to Defendant's Motion for Summary Judgment, Defendant relies on the McDonald Douglas standard to rule out a prima facie case of discrimination under Title VII. The Plaintiff alleges he has suffered an adverse employment action because he has been denied job security which he would otherwise have been afforded. The Plaintiff is officially an apprentice. Plaintiff alleges journeymen have greater job security when reductions in staff occur.

Elevation to journeyman is based on a complicated mathematical formula consisting of information from several lists: a Joint Apprentice Committee List, a Junior Priority Revisions List, and a Journeymen's Priority List. The Plaintiff's complaint involves the Union's refusal to address his concerns about his placement on a Junior Priority List and lack of response to his requests for an explanation of the mathematical formula used to determine journeyman status.

The issue first arose on or about February 2004. This is when Plaintiff learned of a discrepancy in the Junior Priority Revision list dated April 10, 2003. After reviewing this list, Plaintiff first learned that seniority was based on the number of shifts an employee worked rather than the number of years of service with The Post. The number of shifts worked are taken into consideration after an employee becomes a member of the union.

The April 2003 Priority List listed Plaintiff as number one hundred ninety-three (193) out of two hundred and three (203) employees on the priority list. Upon review of the list, Plaintiff noticed Gary Leonessa (hereinafter "Leonessa") was listed as number one hundred three (103), which is higher on the priority list. Upon information and belief, Leonessa, a Caucasian, did not become a member of Local 2 until 2001, one (1) year later than the Plaintiff.

Shortly after receiving the April 2003 list, Plaintiff received an updated Junior Priority Revision List dated February 1, 2004. Plaintiff was listed as number eighty-six (86) on the priority list. Carol Margolin (a.k.a. Colman) (hereinafter "Margolin"), a Caucasian, appeared above Plaintiff on this list at number eighty (80), even though she was listed below Plaintiff on the April 10, 2003 list.

Plaintiff spoke to Dan MacPhee (hereinafter "MacPhee"), a union official in charge of preparing the Revisions List. Plaintiff advised MacPhee there were several errors on both the April 2003 and February 2004 priority lists. MacPhee reiterated that journeyman status was based on the number of shifts an employee worked for The Post. MacPhee then suggested Plaintiff bring in his payroll records for MacPhee to review in order to determine if Plaintiff worked the appropriate shifts required to become

7

a journeyman.

Shortly thereafter, Plaintiff presented his payroll records to MacPhee. MacPhee reviewed Plaintiff's records and determined Plaintiff had worked enough shifts to be promoted to a journeyman. Nevertheless, MacPhee advised Plaintiff, "It doesn't matter how many shifts you've worked, I'm not going to put you in front of those people."

If the facts are such that Plaintiff can prove MacPhee uttered the statement, "It doesn't matter how many shifts you've worked, I'm not going to put you in front of those people" with discriminatory motive, and the Union's mathematical formula for determining employment status is racially bias, a reasonable jury could find for Plaintiff.

The Defendant's statement that Plaintiff is properly placed on the priority list is a conclusion. Defendant's offer no evidence the Plaintiff is properly placed on the priority list in relation to the two (2) Caucasians. In fact, the Journeymen's Priority List dated July 14, 2005 places Plaintiff behind the two (2) Caucasians. See Exhibit "A."

Furthermore, Defendant's fail to explain why they repeatedly refused to address Plaintiff's concerns about his placement on the priority list. In a letter dated November 4, 2004, President William Loftus advised Plaintiff to address the issue with MacPhee. See Exhibit "B." Plaintiff's earlier attempt to resolve the issue with MacPhee resulted in MacPhee's refusal to place Plaintiff ahead of the two (2) Caucasians.

Plaintiff was also discriminated against when he refused to sign a "voluntary" form authorizing deductions from his paycheck for a new welfare plan. Plaintiff's refusal to authorize the deductions resulted in loss of his medical benefits. Yet, a non-Hispanic employee did not lose medical benefits for refusal to sign the form authorizing the deductions.

In order to better assist the court, the Plaintiff respectfully requests leave to file a second amended complaint in view of the absence of undue delay, bad faith, or dilatory motive. Although the amended complaint is sufficient, a second amended complaint will assist the court in clarifying the relationship between the issues and facts of the case.

## II. PLAINTIFF'S CLAIMS AGAINST LOCAL 2 FOR VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW AND/OR NEW YORK CITY ADMINISTRATIVE CODE

<u>See</u> Defendant's Memorandum of Law, Section II. Plaintiff withdraws claims cited in Amended Complaint paragraphs 55 and 65 with respect to Defendant, Local 2. Note, however, that these claims of discrimination against The New York Post are valid. This information will be clarified in a second amended complaint.

## III. PLAINTIFF'S CLAIMS AGAINST LOCAL 2 FOR VIOLATIONS OF COBRA

<u>See</u> Defendant's Memorandum of Law, Section III. Plaintiff withdraws claims cited in Amended Complaint paragraphs 30, 36, and 66 with respect to Defendant, Local 2.

## IV. PLAINTIFF'S ERISA CLAIMS

See Defendant's Memorandum of Law, Section IV. Note, however that these claims are valid against the New York Post is a co-administrator of the plan. The New York Post's co-administrator, the Pressmen's-Publishers' Benefit Funds, will be joined in a second amended complaint. Plaintiff withdraws claims cited in Amended Complaint paragraphs 30-38, 68, 69, and 72 with respect to

Defendant, Local 2.

## V. PLAINTIFF'S DUTY OF FAIR REPRESENTATION CLAIM IS TIME BARRED

<u>See</u> Defendant's Memorandum of Law, Section V. Plaintiff withdraws claims cited in Amended Complaint paragraphs 24-28 and 75-77.

## VI. LOCAL 2 SHOULD NOT BE REIMBURSED FOR THE COUNSEL FEES EXPENDED IN DEFENDING THIS ACTION AND FILING THIS MOTION

Based on the foregoing facts, the Union is a proper party in this action with respect to claims of discrimination, and there are genuine issues of material fact. Therefore, Plaintiff should not be responsible for counsel fees.

## CONCLUSION

For the reasons set forth herein, the action as against Local 2 should not be granted.

Dated: Farmingdale, New York
August 29, 2005

Respectfully submitted,

Frank & Associates, P.C.

*[signature]*

Neil M. Frank (NF0571)
500 Bi-County Blvd.
Farmingdale, NY 11735
(631) 756-0400

*Counsel for Plaintiff, Daniel Paulino*

# EXHIBIT
# A

# JOURNEYMEN'S PRIORTY LIST 07/14/05

| | | |
|---|---|---|
| McKnight, J | 21 | Lavin, M. |
| Kehoe, D | 22 | Waldron, R. |
| Kelly, E | 23 | McMahon, J.P. |
| Sullivan, T | 24 | McMahon, J.J. |
| Ruggiero, T | 25 | Muirhead, C. |
| Solomon, M | 26 | Papis, M. |
| Bell, T | 27 | Colgan, B. |
| Basso Jr, J | 28 | Tortora, M. |
| Occhipinti, R | 29 | Rivera, F. |
| Froich, D | 30 | Wilkinson, K. |
| McComiskey, J | 31 | Giambrone, F. |
| McMahon, C | 32 | Frangoulis, G. |
| Macaluso, V | 33 | Titus, Tim |
| Capanelli, Jr. R | 34 | Coleman, Carol |
| Kennedy, J.D | 35 | Leonessa |
| Wilkinson, J | 36 | Paulino, Dan |
| Odekirk, C | 37 | Clarke, Ed |
| Luczkiewicz, E | 38 | Spencer, J |

*Shop Priority List* (signature)

# EXHIBIT B




# NEW YORK NEWSPAPER PRINTING PRESSMEN'S UNION NUMBER TWO

275 7th Avenue Suite 1500
New York, N.Y. 10001

Telephone  (212) 691-2862

Fax  (212) 691-2962

November 4, 2004

Daniel Paulino
77 Fulton St., Apt. 3A
New York, NY 10038

Brother Paulino,

    I am in receipt of your letters and once again am advising you to contact Brother Daniel MacPhee, who is Chairman of the Revision Committee, to answer your questions. I am also directing you to appear before the December 6, 2004 Executive Board to help clarify your many questions.

    Please bring any correspondence you may have sent to the GCIU International or any other agency or entity in regards to this matter and any correspondence that you may have received in response to your inquiries.

    If you have any questions, please feel free to call me.

Sincerely & Fraternally,

William E. Loftus
President

WEL:mr
opeiu/153
AFL-CIO