Neal S. Schelberg (NS-7985)
Steven P. Gonzalez (SG-0066)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
(212) 969-3336
*Attorneys for Defendants The Board of Trustees and*
*Robert Costello, Administrator, of the Pressmen's Publishers' Benefits Fund*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DANIEL PAULINO                      :
                                    :   Index No. 06-CV-00053 (GBD)(MHD)
              Plaintiff,            :
                                    :   **(ECF Case)**
       against                      :
                                    :
THE NEW YORK PRINTING PRESSMEN'S    :
UNION, LOCAL TWO AND THE BOARD OF   :
TRUSTEES AND ROBERT COSTELLO,       :
ADMINISTRATOR, OF THE PRESSMEN'S    :
PUBLISHERS' BENEFITS FUND           :
                                    :
              Defendants.           :
------------------------------------X

**DEFENDANT BOARD OF TRUSTEES OF THE PRESSMEN'S-PUBLISHERS'
BENEFITS FUND'S AND DEFENDANT ROBERT COSTELLO'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

## PRELIMINARY STATEMENT

In a last ditch effort to extract free medical benefits from the Pressmen's-Publishers' Benefits Fund (the "Welfare Fund" or "Plan"), plaintiff Daniel Paulino ("Paulino") has now filed the latest in a series of complaints attempting to somehow disguise his own refusal to make any contribution to, and thereby maintain participation in, the Welfare Fund as an employee of the New York Post. Now on the fourth reiteration of his complaint, Paulino asserts two causes of action (the Fourth and Fifth Claims For Relief) under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") against the Welfare Fund's Board of Trustees and Fund Administrator Robert Costello (collectively, the "Fund Defendants"). Notwithstanding his several attempts, Paulino still has not asserted a viable claim for relief that would entitle him Welfare Fund benefits.

In his Fourth Claim for Relief, Paulino seeks statutory penalties pursuant to ERISA § 502(c), 29 U.S.C. § 1132(c), on the grounds that the Fund Defendants failed and/or refused to furnish requested information regarding his entitlement to health benefits. Yet, the complaint is devoid of any allegation that Paulino made a written request to the plan administrator for any documents, as ERISA specifically requires. Due to this fundamental defect in Paulino's claim, his ERISA § 502(c) claim must be dismissed.

In his Fifth Claim for Relief, Paulino appears to be claiming that the Fund Defendants breached their fiduciary duties by, "without justification," canceling his health coverage. As a result of this alleged "breach," Paulino seeks the recovery of benefits and/or equitable relief under ERISA §§ 502(a)(1)(B) and 502(a)(3), 29 U.S.C. §§ 1132(a)(1)(B), 1132 (a)(3).[1] Because Paulino has not exhausted his administrative remedies under the terms of the Plan in seeking

---

[1] The Complaint does not identify the statutory provision under which Paulino seeks the recovery of benefits. (Compl. ¶ 88) It appears, however, that, based on the facts alleged in the complaint and a call with plaintiff's counsel, Paulino is relying on ERISA § 502(a)(1)(B).

Welfare Fund benefits, as he is required to do prior to bringing a lawsuit, his claim for benefits must be dismissed. In addition, Paulino's claim under ERISA § 502(a)(3) should be dismissed because, although Paulino is not entitled to relief, ERISA § 502(a)(1)(B) provides him with an adequate procedural mechanism for seeking the requested relief if, as stated above, he properly exhausted his administrative remedies.

For these reasons, the Fund Defendants' Motion to Dismiss should be granted.

## RELEVANT PROCEDURAL HISTORY

Paulino originally commenced this litigation on May 12, 2005 by filing a complaint in a related case, No. 05-cv-4647 (GBD), against the New York Newspaper Printing Pressmen's Union Local 2 (the "Union") and his employer, The New York Post, alleging claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State and New York City Human Rights Laws, as well as claims for a breach of the duty of fair representation and for a violation of the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"). On July 6, 2005 — prior to any of the Defendants in that case filing a responsive pleading — Paulino served and filed a First Amended Complaint in which he added two additional claims against the Union, asserting violations of ERISA §§ 502 and 510, 29 U.S.C. §§ 1132, 1140.

The Union moved for sanctions and for summary judgment of the First Amended Complaint on August 1, 2005 because there were substantive legal and factual defects in each of the claims raised. In support of that motion, the Union submitted the Declaration of Robert Costello, which attached several exhibits and made clear that: (1) all Plan participants, including Paulino, were required to pay all past due employee contributions to the Welfare Fund by October 31, 2004 in order to remain a participant in the Plan; (2) all such contributions could be made either on a pre-tax basis through enrollment in a newly-established Internal Revenue Code

§ 125 "Cafeteria Plan," or on a post-tax basis by making direct payment to the Welfare Fund;

(3) the failure to pay such contributions would result in the termination of Plan benefits; and

(4) Paulino both refused to execute an authorization to participate in the New York Post's pre-tax Cafeteria Plan and failed to make any post-tax employee contributions to the Welfare Fund.

In response to the Union's motions, Paulino conceded the absence of factual or legal support for the original claims and withdrew, with prejudice, all but one of the seven claims asserted in the First Amended Complaint — that is, only the Title VII claim against the Union remained. Paulino also sought leave to serve a Second Amended Complaint in order to add new claims and parties, including the Fund Defendants, as he sought to receive health benefits despite never having made the required participant contributions to the Welfare Fund.

In response to Paulino's motion to amend the complaint for a second time, the Union filed its opposition on September 23, 2005, as well as a supplemental letter submission on October 31, 2005, describing the substantive and procedural deficiencies in the proposed Second Amended Complaint and requesting dismissal of the action with prejudice and sanctions. At a December 14, 2005 hearing, this Court denied Paulino's request to proceed on the proposed Second Amended Complaint, but granted him leave to file a Third Amended Complaint in order to afford him one *final* opportunity to establish viable claims.

Rather than following the Court's direction, however, Paulino filed a complaint in this *new* action on January 4, 2006, which raises claims against: (1) the Union for alleged violations of Title VII, 42 U.S.C. § 1981, and the Labor Management Relations & Disclosure Act; and (2) the Fund Defendants for two alleged violations of ERISA, both of which relate to Paulino's ineligibility for health benefits.

On January 30, 2006, this Court dismissed the original action, and allowed this newly filed action to proceed.

3

## ARGUMENT

I. **PAULINO'S CLAIM UNDER ERISA § 502(c) SHOULD BE DISMISSED BECAUSE HE FAILED TO MAKE A WRITTEN REQUEST FOR DOCUMENTS**

In his Fourth Claim for Relief, Paulino seeks statutory penalties pursuant to ERISA § 502(c)(1) for the failure and/or refusal to furnish information. Although not entirely clear from the complaint, Paulino appears to make this claim based on ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), as he contends that the Fund Defendants "failed and/or refused to comply with *Plaintiff's requests* for information regarding his entitlement to health benefits under the plan." (Compl. ¶ 82 (emphasis added).) This claim fails, however, because Paulino has never made a request for documents, written or otherwise, as ERISA mandates. In fact, his complaint is devoid of any allegation that he made such a request.

Pursuant to ERISA § 502(c), if a plan administrator fails or refuses to comply with a participant's request for any information that the administrator is required to furnish under ERISA within thirty days, then a court has the discretion to impose upon the administrator a $100/day penalty from the date of such failure or refusal. The information to which plan participants are entitled upon request is set forth in ERISA § 104(b)(4):

> The administrator shall, *upon written request* of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

(Emphasis added). Accordingly, read in conjunction with one another, ERISA §§ 104(b)(4) and 502(c) only provide a cause of action to a participant who: (i) makes a written request; (ii) to the plan administrator; (iii) for documents to which he is entitled under ERISA, if the plan administrator does not provide those documents within thirty days. *See Gilbert v. Related Mgmt. Co., L.P.*, No. 95 Civ. 9610 (JFK), 1998 U.S. Dist. LEXIS 2382, at *22 (S.D.N.Y. Mar. 4, 1998) ("This duty to disclose under ERISA [§ 104(b)(4)] does not arise, however, unless and until a

participant makes a written request for such information."), *aff'd*, 162 F.3d 1147 (2d Cir. 1998); *Aquilio v. Police Benevolent Ass'n of N.Y. State Troopers*, 857 F. Supp. 190, 213 (N.D.N.Y. 1994) (holding that "plaintiff's failure to make the requisite written demand [for a plan summary] under 29 U.S.C. § 1024(b)(4) bars this [§ 502(c)(1)] cause of action"); *see also Serpa v. SBC Telecomms., Inc.*, No. C 03-4223 (MHP), 2004 U.S. Dist. LEXIS 27240, at *12-14 (N.D. Cal. Dec. 7, 2004) (granting defendant's 12(b)(6) motion to dismiss on ERISA § 502(c) claim where plaintiff failed to "identify a specific, *written* request for plan documents," and denying plaintiff leave to amend where she already had three opportunities to amend her complaint to state a viable cause of action).

In this case, Paulino has failed to identify *any* request for documents — written or otherwise — that he submitted to Costello, the Welfare Fund Administrator. Even on a motion to dismiss, Paulino's vague and conclusory assertion that the Welfare Defendants failed to provide him with requested information is inadequate. (Compl. ¶ 82.) Indeed, it is elementary that plaintiff's mere unsupported assertion does not, standing alone, provide a sufficient basis for his complaint to survive 12(b)(6) dismissal. *See, e.g., De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir.) ("'A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).'") (quoting *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995)) (collecting cases), *cert. denied*, 519 U.S. 1007 (1996); *Zeising v. Kelly*, 152 F. Supp. 2d 335, 342 (S.D.N.Y. 2001) (stating that, when evaluating a motion to dismiss, "[v]ague and conclusory allegations are insufficient. Courts need not strain to find inferences that are favorable to the plaintiff, which are not apparent of the fact of the complaint, nor are courts required to accept legal conclusions alleged in the pleaded facts.") (internal quotation marks and citations omitted). Accordingly, Paulino's Fourth Claim for Relief should be dismissed.

## II. PAULINO'S FIFTH CLAIM FOR RELIEF SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In his Fifth Claim for Relief, based on his contention that the Fund Defendants cancelled his health coverage "without justification," Paulino makes a claim for benefits under ERISA § 502(a)(1)(B) and also claims that this action amounted to a breach of fiduciary duty under ERISA § 502(a)(3). Neither of these claims, however, are sustainable because: (i) Paulino has failed to exhaust his administrative remedies as legally required prior to bringing a claim under ERISA § 502(a)(1)(B); and (ii) Paulino cannot assert a claim under ERISA § 502(a)(3) where he could have or should have brought a cognizable action under ERISA § 502(a)(1)(B).

### 1. Paulino's Claim For Benefits Should Be Dismissed Because He Did Not Exhaust His Administrative Remedies

Paulino's claim for benefits under ERISA § 502(a)(1)(B) should be dismissed fsimply because he has failed to exhaust his administrative remedies under the Plan as ERISA requires him to do. It is axiomatic that a plan participant must exhaust the Congressionally-mandated administrative claims procedures prior to pursuing a claim for benefits under ERISA § 502(a)(1)(B). *See* ERISA §503, 29 U.S.C. § 1133; *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993) (citing *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980) (requirement that plan provide remedies suggests Congress' intent to have courts require exhaustion of these remedies)); *Del Greco v. CVS Corp.*, 337 F. Supp. 2d 475, 484 (S.D.N.Y. 2004) ("[C]ourts have routinely held that an ERISA plaintiff must exhaust a plan's administrative procedures prior to filing suit for the recovery of benefits in federal court."), *aff'd*, Nos. 04-5730, 05-1821, 2006 U.S. App. LEXIS 2036 (2d Cir. Jan. 25, 2006).

The exhaustion requirement is not a mere formality. The Second Circuit has recognized several important purposes for requiring exhaustion, including to: "'(1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a

6

sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*." *Kennedy*, 989 F.2d at 594 (quoting *Denton v. First Nat'l Bank of Waco, Texas*, 765 F.2d 1295 (5th Cir.), *reh'g denied*, 772 F.2d 904 (5th Cir. 1985)).

The "Claims Information" section of the Welfare Fund's Summary Plan Description clearly sets forth the procedures for administratively reviewing a claim for benefits.[2] Here, Paulino has pleaded no facts indicating that he even attempted to *initiate* the claims review process, let alone *exhaust* his administrative remedies through appeal.

Accordingly, Paulino's claim for benefits under ERISA § 502(a)(1)(B) should be dismissed with prejudice and, in light of the fact that this is plaintiff's *fourth* attempt at stating viable claims, without leave to amend the complaint. *See Greifenberger v. Hartford Life Ins. Co.*, No. 03 Civ. 3238 (SAS), 2003 U.S. Dist. LEXIS 22810, at *11-18 (S.D.N.Y. Dec. 16, 2003) (dismissing claim for benefits under ERISA with prejudice and without leave to amend in connection with defendant's 12(b)(6) motion where plaintiff did not allege that she attempted to appeal the claims denial decision "in any way" prior to filing the complaint), *aff'd*, 131 F. App'x. 756 (2d Cir. 2005); *Barnett v. IBM Corp.*, 885 F. Supp. 581, 589, 594 (S.D.N.Y. 1995) (plaintiff's § 502 claim for benefits dismissed with prejudice in connection with defendant's 12(b)(6) motion where plaintiff made "no effort . . . to present her claims to the full [benefits] committee and certainly no effort to pursue any appeal").

---

[2] Solely for the purposes of this motion, the Fund Defendants accept the facts recited in the complaint as true and submits, in addition, the affidavit of Steven P. Gonzalez, Esq., which attaches as Exhibit A the relevant pages of the Welfare Fund plan that Paulino references in his complaint. (Compl. ¶¶ 62, 82, 86, 88.) The Court may properly consider these excerpts from the plan document as part of this motion. *See Brass v. Am. Film Tech.*, 987 F.2d 142, 150 (2d Cir. 1993) (stating that, for purposes of a motion to dismiss, the "complaint" includes documents that plaintiff incorporated in the complaint by reference); *Liebowitz v. Cornell Univ.*, No. 03 cv 9976 (GBD), 2005 U.S. Dist. LEXIS 1529, at *3 (S.D.N.Y. Jan. 31, 2005) (Daniels, J.) (same).

### 2. Paulino Cannot Maintain A Claim Under ERISA § 502(a)(3) Since He Could Bring A Claim Under ERISA § 502(a)(1)(B)

Paulino's claim for equitable relief under ERISA § 502(a)(3) is nothing more than a thinly disguised claim for benefits, and, as such, it should be dismissed because he cannot maintain a claim under ERISA § 502(a)(3) where he could have, and did indeed, bring a claim under ERISA § 502(a)(1)(B). The Second Circuit has held that plan participants cannot seek equitable relief under § 502(a)(3) when the alleged harm can be compensated by monetary damages, and the participants have available the "alternative and effective remedy" under ERISA § 502(a)(1)(B) to recover the value of benefits. *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 103 (2d Cir. 2005). Equally important is that where plaintiffs' claims for equitable relief are clearly restatements for their claims for unpaid benefits and penalties, a § 502(a)(3) claim is not actionable. *Krauss v. Oxford Health Plans, Inc.*, No. 04 Civ. 6080, 2005 U.S. Dist. LEXIS 34379, at *45-46 (S.D.N.Y. Dec. 13, 2005). To that end, the Second Circuit has warned, '[i]n determining the propriety of a remedy, we must look to the real nature of the relief sought, not its label.'" *Del Greco*, 337 F. Supp. 2d at 487 (quoting *Gerosa v. Savasta & Co.*, 329 F.3d 317, 321 (2d Cir.), *cert. denied*, *Savasta & Co. v. Gerosa*, 540 U.S. 1074 (2003)); *see also Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210-11 (2002) (holding that a judgment, injunction or declaration to compel the payment of money is a legal, not equitable, remedy).[3]

---

[3] To the extent Paulino seeks monetary damages as a remedy for the alleged breaches of fiduciary duties, such a remedy is impermissible. As the Supreme Court held in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), claims for money damages are not claims for equitable relief under ERISA § 502(a)(3) and therefore must be dismissed as a matter of law. *See also Del Greco*, 337 F. Supp. at 488 ("'[C]ompensatory damages, even if they resulted from a breach of fiduciary duty, are not recoverable as equitable relief under § 1132(a)(3).'") (quoting *Weinreb v. Hosp. for Joint Diseases Orthopaedic Inst.*, 285 F. Supp. 2d 382, 388 (S.D.N.Y. 2003), *aff'd*, 404 F.3d 167 (2d Cir. 2005)).

Here, it is indisputable that Paulino can pursue — and, in fact, has pursued — a claim under ERISA § 502(a)(1)(B) on the grounds that he was wrongfully denied benefits under the Plan.[4] And although Paulino has superficially professed to seek certain "equitable" remedies — that is, an Order "enforcing [his] rights under the terms of the plan," an Order "enjoining Defendant's unlawful acts," and "other appropriate equitable relief" (Compl. ¶¶ 88-89) — it is beyond cavil that the thrust of this relief sought is to seek money damages on behalf of himself and his spouse for medical benefits lost. (Compl. ¶¶ 60-61, 86, 88.)

Accordingly, Paulino's claim under ERISA § 502(a)(3) should be dismissed as well.

## CONCLUSION

For the foregoing reasons, the Welfare Defendants respectfully request that the Court grant their Motion to Dismiss on all causes of action brought against them in Paulino's complaint (*i.e.*, the fourth and fifth claims for relief).

Dated: New York, New York
February 17, 2006

Respectfully submitted,

PROSKAUER ROSE LLP

By: *[signature]*
Neal S. Schelberg (NS-7985)
Steven P. Gonzalez (SG-0066)
Proskauer Rose LLP
1585 Broadway
New York, New York 10036
(212) 969-3336
(212) 969-2900 (facsimile)

*Attorneys for Defendants The Board of Trustees and Robert Costello, Administrator, of the Pressmen's Publishers' Benefits Fund*

---

[4] That is not to say, however, that his claim under ERISA § 502(a)(1)(B) could proceed at this juncture. *See supra* Part II.1.

9