**FRANK & ASSOCIATES, P.C.**
Neil M. Frank, Esq.
*Attorneys for Plaintiff*
500 Bi-County Blvd., Suite 112N
Farmingdale, New York 11735
(631) 756-0400
nfrank@laborlaws.com
isack@laborlaws.com
support2@laborlaws.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

DANIEL PAULINO,                                  Civil Action No.:

                    Plaintiff,                   COMPLAINT

        -against-

NEWS CORP also known as NYP HOLDINGS, INC.
doing business as THE NEW YORK POST

                    Defendant.

-------------------------------------------------------------------X

        Plaintiff, **DANIEL PAULINO** by and through his attorneys, **FRANK &**

**ASSOCIATES, P.C.**, complains and alleges as follows:


### PRELIMINARY STATEMENT

1. This is an action for declaratory, injunctive, affirmative, monetary damages and

    equitable relief based upon Defendant's violations of the Employee Retirement

    Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001, *et seq.*

2. Plaintiff brings this action against Defendant to redress breach of fiduciary responsibilities and obligations owed Plaintiff by virtue of a Collective Bargaining Agreement (hereinafter "CBA") which did directly cause injuries to Plaintiff.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to ERISA § 502 (e) (1), and 28 U.S.C. §1307 (2) (c), 1331 & 1332 *et seq.*

4. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is based on 28 U.S.C. §1391 (b) and ERISA 502 (e) (2), 1307 (2) (c), 29 U.S.C. §1132 (e) (2).

6. This action involves a multi-employer Cafeteria fund which is administered within this judicial district.

7. This action properly lies in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391 because the violative conduct alleged herein occurred within New York and Bronx County, State of New York.

## PARTIES

8. Plaintiff, **DANIEL PAULINO** (hereinafter "Plaintiff" or "Paulino") is a represented employee and potential "participant" within the meaning of ERISA 3(7), 29 U.S.C. § 1002(7).

9. At all times relevant, Plaintiff was a "person" within the meaning of 29 U.S.C. §§ 142(3), 153(1), 1002(9) and 203(a).

2

10. At all times relevant to the Complaint, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. §§ 142(3), 153(3), 1002(6) and 203(e) (1).

11. At all times relevant, Defendant, NEWS CORP (hereinafter "NYP"), is a foreign corporation, organized under and existing by virtue of the laws of the State of Delaware, doing business at 1211 Avenue of the Americas, New York, New York, 10036 with operational facilities located at 100 East 132nd Street, Bronx, New York, engaged in the business of news reporting and printing.

12. At all times relevant, Defendant was and is currently an "employer" of Plaintiff in an industry affecting commerce within the meaning of 29 U.S.C. §§ 1002(5), 142(1), 142(3), 153(2) and 203(d).

13. Defendant sponsors the subject Multi-Employer Plan under which Plaintiff is aggrieved.

14. At all relevant times, Defendant participated in the above Multi-Employer Plan as a fiduciary pursuant to ERISA § (3) (21) (A), 29 U.S.C. § 1002 (21) (A).

## FACTS

15. Plaintiff repeats and realleges each and every allegation contained in this Complaint as though fully set forth herein.

16. In or about December 1998, Plaintiff began his employment with the New York Post.

17. Plaintiff's job title is Junior Pressmen. Plaintiff's duties and responsibilities include operating a printing press for Defendant South Bronx facility located at 100 East 132nd Street, Bronx, New York.

3

18. Plaintiff was a member of Local 2 New York Printing Pressmen's union, the collective bargaining unit.

19. Since the commencement of his employment, Plaintiff was entitled to receive all the benefits afforded under the Local 2 Welfare Plan (hereinafter "Welfare Plan" or "Plan").

20. In March 2004 employee contributions to the Publisher-Pressmen's Welfare Fund ("Welfare Fund"), which provides medical, pharmacy, and hospital related benefits to employees of participating employers in the newspaper industry in New York City, were increased due to rising healthcare costs.

21. To help alleviate the economic impact of rate increases, Defendant, Plan sponsor, adopted a "cafeteria plan," pursuant to Internal Revenue Code § 125, to allow employees to pay their contributions on a pretax basis so contributions could be automatically deducted from participants paychecks on a pre-tax basis.

22. The purpose of the Plan was to enable participants to direct their employer to make contributions on their behalf to the Welfare Fund in exchange for an equivalent reduction in the amount of wages that would otherwise be payable to such participants.

23. All participants, including Plaintiff, were informed that contributions to the Fund could be made directly by the individual on an after-tax basis, or withheld on a pre-tax basis by participating in the cafeteria plan.

24. On or about September 15, 2004, NYP Holdings Inc., put the Plan into effect.

4

25. Under IRS Section 125 regulations, enrollment in such a plan is voluntary. The plan provides for a Cash Benefit to be given employees in lieu of the employees' participation in the plan.

26. Plaintiff elected not to enroll in the cafeteria withholding plan.

27. Accordingly, Plaintiff was entitled to a Cash Benefit.

28. "Cash Benefit" is defined by the Plan as the amount of wages that would be paid to the participant for a Plan Year if the participant does not elect to make the employee contribution to and receive Benefits under the Plan. Cash benefits shall be paid in the same manner as the Participant's regular wages.

29. Upon information and belief, current employees of NYP Holdings, Inc. are required to pay uniform health contributions fees for the use and benefits of the Plan.

30. Plaintiff has never received a Cash Benefit as required by the Summary Plan.

31. In or about January 2005 Defendant suspended Plaintiff's health coverage.

32. Defendant failed to afford Plaintiff the option to continue his health coverage through salary deductions in post-tax dollars.

33. In January 2005, Plaintiff was advised by his HMO informed him, his medical insurance had been cancelled as of January 1, 2005.

34. Defendant failed to inform Plaintiff that his medical insurance was cancelled.

35. Defendant directly caused Plaintiff's health insurance to be cancelled without justifiable cause except in retaliation for Plaintiff to refusal to enroll in the IRS § 125 Pre-Tax Plan.

36. Plaintiff has never received a Cash Benefit as required by the Summary Plan.

5

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(ERISA - Breach of Fiduciary Duty Failure to Contribute)

37. Plaintiff repeats and realleges each and every allegation contained in this Complaint as though fully set forth herein.

38. At all relevant times, Defendants were fiduciaries within the meaning of ERISA § 3(21) (A), 29 U.S.C.A. §1002(21) (A) with respect to the Plan.

39. Defendant is expressly obligated to charge uniform premium rates for all multiemployer plans with respect to basic benefits guaranteed under 29 U.S.C. § 1322(a) and 1306.

40. Defendant failed to comply with 29 U.S.C. §§ 1322(a) and 1306, with the result being, throughout the relevant time period, select current employees and retirees of NYP Holdings, Inc. were not charged the uniform rates that other employees, such as Plaintiff, were required to pay.

41. Under the terms and conditions of the Agreement, Defendant was obligated to make contributions on Plaintiff's behalf to a multiemployer plan. 29 U.S.C. § 1145.

42. Defendant failed to make contributions as required by the Agreement and 29 U.S.C. § 1145.

43. Defendant breached its duties with respect to a multiemployer plan, in violation of 29 U.S.C. § 1145.

44. As a result of Defendant's actions, Plaintiff was denied health benefits to which he and his beneficiaries, were, was entitled under the multi-employer plan.

45. Such action is a breach of their fiduciary duty which Defendant owed to Plaintiff and a violation of ERISA § 404, 29 U.S.C. §1104.

46. As a direct and proximate result of Defendant's failure to comply with the provisions of ERISA, certain of its participants and beneficiaries, specifically Plaintiff and his family, suffered actual financial out-of pocket expenses for medical services, losses and benefit hardship(s) and were unable to obtain necessary medical treatment.

47. Pursuant to ERISA § 502(a) (2), 29 U.S.C.A. §1132(a) (2) and ERISA § 409(a), 29 U.S.C.A. § 1109 (a), Defendant should, among other things, restore such losses to Plaintiff caused by the Defendant's breach.

48. Defendant was expressly obligated to publish an annual report with respect to every employee benefit plan and make said report available and furnished to participants of the Plan in accordance with 29 U.S.C. §§1024(b) and 1023.

49. Defendant failed to remit Paulino's premiums thus directly causing injury to Plaintiff in the form of health and medical insurance lapse.

50. As a direct and proximate result of Defendant's failure to follow the terms of the Plan, Plaintiff suffered and continues to suffer losses.

## SECOND CLAIM FOR RELIEF
### (Unlawful Cancellation of Health Benefits)

51. Plaintiff repeats and realleges each and every allegation contained herein.

52. Plaintiff was entitled to receive all benefits afforded under the Plan.

7

53. In or around January 2005, without justification Defendant cancelled Plaintiff's health insurance coverage to which Plaintiff was entitled.

54. By its actions, Defendant violated its fiduciary responsibilities owed Plaintiff.

55. Plaintiff is entitled to recover benefits due him under the terms of the plan, an Order enforcing Plaintiff's rights under the terms of the plan, and an Order finding a violation of ERISA rider 29 USC § 1132a(1)(B).

56. Plaintiff is entitled to an Order enjoining Defendant's unlawful acts and is entitled to obtain appropriate equitable relief pursuant to 29 USC §1132a(3).

## RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A. That the loss to Plaintiff, by reason of the wrongful conduct, including but not limited to misfeasance, nonfeasance, breach and negligence on the part of Defendant be ascertained and determined in an accounting.

B. That Defendant be directed to pay to Plaintiff the sum, so much as may be ascertained to be the correct amount for which the Defendant is accountable, and that judgment set such sum as shall be found to be due from Defendant to the Plan and that the same be entered against Defendant.

C. Specifically as to the first and second cause of action: (a) unpaid contributions; (b) interest on the unpaid contributions; (c) an amount equal to the greater of: (i) interest on the unpaid contributions; or (ii) liquidated damages provided for under the plan in an amount not in excess of twenty percent (20%) (or such higher percentage as may be permitted under Federal and State Law) of the amount determined by the court under subparagraph (a); (d) reasonable attorneys' fees

costs and disbursements incurred in this action; (e) such other legal, injunctive and equitable relief to be determined at trial and as this Court may deem appropriate;

D. That Defendant be ordered to pay Plaintiff liquidated and/or compensatory damages where applicable by statute.

E. That Defendant be ordered to pay Plaintiff pre and post judgment interest.

F. The court award Plaintiff reasonable expenses, including reasonable attorney's fees, together with interest, costs and disbursements.

G. For such other further and different relief as to this Court may seem just and proper.

Dated: Farmingdale, New York
       October 2, 2007

                                      Respectfully submitted,

                                      **FRANK & ASSOCIATES, P.C.**
                                      *Attorneys for Plaintiff*

                                      Neil M. Frank (NF 0521)
                                      500 Bi-County Blvd., Suite 112N
                                      Farmingdale, New York 11735
                                      Phone (631) 756-0400
                                      nfrank@laborlaws.com
                                      isack@laborlaws.com
                                      support2@laborlaws.com