UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

DANIEL PAULINO,

                        Plaintiff,

                                          Index No. CV 07-8593

               -against-

NEWS CORP also known as NYP HOLDINGS, INC.
doing business as THE ENW YORK POST,

                        Defendants.

-----------------------------------------------------------------------X

## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS SUMMARY JUDGMENT AND SANCTIONS</u>

                                        RIVKIN RADLER, LLP
                                        Counsel for Defendant,
                                        NYP Holdings, Inc. s/h/a News Corp.
                                        926 RexCorp Plaza
                                        Uniondale, NY  11756-0926
                                        (516) 357-3000

*Of Counsel*

Barry I. Levy, Esq.
Max Gershenoff, Esq.

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................1

STATEMENT OF RELEVANT FACTS.....................................................................2

I.   Background Information...................................................................................2

II.  Prior Litigation Involving Paulino...................................................................4

   A.   Paulino I ....................................................................................................4

   B.   Paulino II ...................................................................................................5

   C.   Paulino III..................................................................................................6

THE STANDARDS ON THIS MOTION....................................................................7

   A.   The Standard on a Motion to Dismiss under Rule 12(b)(6)................................7

   B.   The Standard on a Motion for Summary Judgment ...........................................8

ARGUMENT...........................................................................................................9

I.   *RES JUDICATA* REQUIRES DISMISSAL OF PLAINTIFF'S CLAIMS PURSUANT
     TO RULE 12(b)(6)..........................................................................................9

II.  THE FINDINGS OF FACT MADE BY THE COURT IN *PAULINO II* ALSO BAR THE
     VAST MAJORITY OF THE PLAINTIFF'S CLAIMS....................................................11

III. SUMMARY JUDGMENT SHOULD BE GRANTED – PLAINTIFF HAS NOT
     EXHAUSTED HIS ADMINISTRATIVE REMEDIES ..................................................13

IV.  PLAINTIFF'S COMPLAINT DOES NOT STATE A CLAIM AGAINST NYP FOR
     VIOLATIONS OF ERISA.................................................................................15

   1.   Plaintiff's ERISA §1104 Claim Is Factually Unsupported and Foreclosed by The
        Determination in *Paulino II* ........................................................................16

   2.   NYP Is Not A Proper Defendant Under Section 502 ....................................17

   3.   Plaintiff Cannot Assert a Section 502 Claim Because He Did Not Qualify For
        Coverage Under the Plan.............................................................................18

   4.   Plaintiff's Claim against NYP Under ERISA §503(a)(2) Cannot Stand Since He Could
        Bring a Claim Against the Welfare Fund Under ERISA § 502(a)(1)(B)......................19

V.   PLAINTIFF AND PLAINTIFF'S COUNSEL SHOULD BE SANCTIONED
     PURSUANT TO 28 U.S.C. § 1927.....................................................................20

CONCLUSION ......................................................................................................21

# TABLE OF AUTHORITIES

## FEDERAL CASES

186 F.2d 236 (2d Cir. 1951) ........................................................................................9

*Alfarone v. Bernie Wolff Construction*, 788 F.2d 76 (2d Cir.), *cert. denied*, 479 U.S. 915
(1986)........................................................................................................................13

*Allen v. Westpoint-Pepperell, Inc.*, 945 F.2d 40 (2d Cir. 1991) ....................................7

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505 (1986)........................8

*Ball v. A.O. Smith Corp.*, 451 F.3d 66 (2d Cir. 2006) ..................................................12

*Brass v. American Film Technologies, Inc.*, 987 F.2d 142 (2d Cir. 1993)..................2, 7

*Burgie v. Euro Brokers, Inc.*, 482 F. Supp. 2d 302 (E.D.N.Y. 2007)...........................15

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986)....................................8

*Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506 (2d Cir. 2002) .........17

*Chapro v. SSR Realty Advisors, Inc. Severance Plan*, 351 F. Supp. 2d 152 (S.D.N.Y.
2004)........................................................................................................................17

*Conley v. Gibson*, 355 U.S. 41 (1957).............................................................................7

*Crocco v. Xerox Corp.*, 137 F.3d 105 (2d Cir. 1998) ..................................................17

*Day v. Moscow*, 955 F.2d 807 (2d Cir. 1992) ........................................................2, 7, 9

*Del Greco v. CVS Corp.*, 337 F. Supp. 2d 475 (S.D.N.Y. 2004) ................................19

*Devlin v. Empire Blue Cross and Blue Shield*, 274 F.3d 76 (2d Cir. 2001) ................18

*Donohue v. Teamsters Local 282 Welfare*, 12 F. Supp. 2d 273 (E.D.N.Y. 1998) ........17

*EDP Med. Computer Sys. v. United States*, 480 F.3d 621 (2d Cir. 2007).............10, 11

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989) .....................................14

*Gant v. Wallingford Board of Education*, 69 F.3d 669 (2d Cir. 1995)............................7

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002).........................19

*Herendeen v. Champion International Corp.*, 525 F.2d 130 (2d Cir. 1975) ................................. 11

*Horn Hardart Co. v. Pillsbury Co.*, 888 F.2d 8 (2d Cir. 1989) ......................................................... 8

*Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588 (2d Cir. 1993) ................................ 14

*Krauss v. Oxford Health Plans, Inc.*, No. 04 Civ. 6080, 2005 U.S. Dist. LEXIS 34379
    (S.D.N.Y. Dec. 13, 2005) ............................................................................................................... 19

*Law Offices of Curtis V. Trinko, LLP v. Bell Atlantic Corp.*, 309 F.3d 71 (2d Cir. 2002) ............. 7

*Leeds v. Meltz*, 85 F.3d 51 (2d Cir. 1996) ....................................................................................... 7

*Leonelli v. Pennwalt Corp.*, 887 F.2d 1195 (2d Cir.1989) ...................................................... 14, 17

*Marotta v. Road Carrier Local 707 Welfare Fund*, 100 F. Supp. 2d 149 (E.D.N.Y. 2000) ......... 18

*Marvel Characters v. Simon*, 310 F.3d 280 (2d Cir. 2002) ............................................................ 10

*Meagher v. Board of Trustees*, 921 F. Supp. 161 (S.D.N.Y. 1995) ................................................. 9

*Monahan v, New York City Department of Corrections*, 214 F.3d 284-285 (2d Cir. 2000) ........... 9

*Murray V. National Broadcasting Co.*, 844 F.2d 988 (2d Cir. 1988) .............................................. 8

*Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96 (2d Cir. 2005) ................................................. 19

*Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986) ............................................................................. 10

*New Hampshire v. Maine*, 532 U.S. 742, 121 S. Ct. 1808 (2001) ................................................. 12

*Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361 (S.D.N.Y.
    1997) (on a Rule 12(b)(6) .......................................................................................................... 2, 7

*Paulino I. Tucker v. Arthur Andersen & Co.*, 646 F.2d 721 (2d Cir. 1981) .................................. 11

*Perez v. Danbury Hospital*, 347 F.3d 419 (2d Cir. 2003) ............................................................... 9

*Pike v. Freeman*, 266 F.3d 78 (2d Cir. 2001) .................................................................................. 9

*Protic v. Dengler*, 46 F. Supp. 2d 277 (S.D.N.Y. 1999) .............................................................. 16

*R.C. Bigelow, Inc, v. Unilever, N.V.*, 867 F.2d 102 (2d Cir. 1989) ................................................ 8

*Revson v. Cinque & Cinque*, 221 F.3d 71 (2d Cir. 2000) ............................................................. 20

*Strom v. Goldman, Sachs & Co.*, 202 F.3d 138 (2d Cir.1999) ...................................................... 18

*T & M Meat Fair, Inc. v. UFCW, Local 174*, 210 F. Supp. 2d 443 (S.D.N.Y. 2002) ................... 17

*Tocker v. Philip Morris Companies Inc.*, 346 F. Supp. 2d 460 (S.D.N.Y. 2004) ........................ 17

*Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129 (7th Cir.1992) ........................................................ 18

*Transaero, Inc. v. LaFuerza Aerera Boliviana*, 162 F.3d 724 (2d Cir. 1998) .............................. 12

*Trebor Sportswear Co. v. Limited Stores, Inc.*, 865 F.2d 506 (2d Cir. 1989) ................................. 8

*United States v. International Brotherhood of Teamsters*, 948 F.2d 1338 (2d Cir. 1991) ............ 20

*W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, Inc.*, 92 F. Supp. 112 (E.D.N.Y.
    1950) ......................................................................................................................................... 9

*Waldman v. Village of Kiryas Joel*, 207 F.3d 105 (2d Cir. 2000) ............................................... 11

*Woods v. Dunlop Tire Corp.*, 972 F.2d 36 (2d Cir. 1992) ........................................................... 10

*Yoon v. Fordham Univ. Faculty and Administrative Retirement Plan*, 263 F.3d 196 (2d
    Cir. 2001) ................................................................................................................................ 18

*Zervos v. Verizon New York, Inc.*, 277 F.3d 635 (2d Cir. 2002) ................................................. 14

## STATE CASES

*Greifenberger v. Hartford Life Insurance Co.*, 2003 WL. 22990093 (S.D.N.Y. 2003) ................ 15

*Rose v. Bethel*, 2007 WL. 2476389 (S.D.N.Y., August 29, 2007) ............................................ 9, 12

*Thomas v. Verizon*, 2005 WL. 3116752 (2d Cir. 2005) .............................................................. 14

## DOCKETED CASES

*Daniel Paulino v. The New York Pressmen's Number Two and the New York Post*,
    Docket No.: 05-4647 (GBD) ..................................................................................................... 4

## FEDERAL STATUTES

28 U.S.C. § 1927 ................................................................................................... 1, 2, 20, 21

29 U.S.C. § 1104 .......................................................................................................... 13, 15

29 U.S.C. §1104, 29 U.S.C. §1132(a)(1)(b) as .................................................... 15, 16, 17

29 U.S.C. § 1145 ........................................................................................................13

29 U.S.C. §§ 1322(a) .................................................................................................13

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted on behalf of defendant, NYP Holdings, Inc. (the "NYP" or "defendant") in support of its motion seeking an order (i) pursuant to Rules 12(b)(6) and 56 dismissing the complaint of the plaintiff, Daniel Paulino ("Paulino" or "plaintiff"), and granting summary judgment in favor of NYP; and (ii) imposing sanctions on plaintiff and his counsel pursuant to 28 U.S.C. § 1927 by requiring them to reimburse NYP for its legal costs associated with the preparation and filing of this motion.

On the heels of this Court's May 7, 2007 memorandum decision and order dismissing all claims in *Paulino v. The New York Printing Pressmen's Union, Local Two,* Docket No.: CV 06-0053(GBD) (Paulino II"), plaintiff has now initiated a third lawsuit (which is, as explained below, literally the fifth version of the case) seeking to re-litigate issues that have been previously withdrawn and/or dismissed by this Court during the two (2) prior actions. In this third installment, Paulino once again presents a series of baseless claims built upon the same set of facts – i.e. the decision of the Pressmen's-Publisher's Welfare Fund (the "Fund") to terminate his coverage for medical benefits because of his failure to make the required employee contributions to the Fund. Plaintiff's latest attempt to advance these same claims against NYP is legally and factually meritless, not only because NYP played no part in the Fund's decision, but also because of the entry of the Stipulation and Order of Dismissal With Prejudice in favor of NYP in *Paulino v. New York Pressmen's Union No. Two,* Docket No.: CV 05-4647(GBD) ("Paulino I"), which dismissed all claims that "were or could have been asserted against" NYP in that action.

As discussed within this memorandum, NYP's motion to dismiss and/or for summary judgment should be granted because: (i) plaintiff's claims are barred under principles of *res judicata* as a result of (a) the Stipulation and Order entered in *Paulino I*, as well as (b) the

Court's most recent dismissal of plaintiff's claims in *Paulino II*; (ii) plaintiff's claims are barred by collateral estoppel as a result of the Court's decision in *Paulino II* in which it was determined that the termination of plaintiff's coverage for benefits was solely the product of his own failure to make the required contributions to the Fund; (iii) plaintiff has failed to exhaust his administrative remedies; and (iv) plaintiff's claims are otherwise factually and legally baseless in several demonstrable respects.

Finally, this Court should impose sanctions on plaintiff and his counsel pursuant to 28 U.S.C. § 1927 because the claims asserted in this case have not been brought in good faith in light of the grounds set forth in support of dismissal. Litigation is not a game, and the Court should not permit parties and their counsel to waste either the Court's or adverse parties' time and resources without conducting the most basic legal and factual analysis. Accordingly, Plaintiff and his counsel should be held responsible for NYP's legal costs associated with the defense of this totally frivolous lawsuit.

## STATEMENT OF RELEVANT FACTS[1]

### I.    Background Information

In July 2000, Paulino was hired by NYP as a Junior Pressman. In September of that same year, he became a member of New York Newspaper Printing Pressmen's Union Local No. 2 ("Local 2" or the "Union"), which represents employees of NYP who work in the pressroom at the Company's Bronx printing facility. As a Local 2 member, plaintiff was eligible to receive

---

[1]    In deciding this motion to dismiss, the Court is entitled to look to the documents filed in connection with plaintiff's prior lawsuits as well as the Court's May 7, 2007 decision dismissing plaintiff's claims in *Paulino II*. *See Brass v. American Film Technologies, Inc.,* 987 F.2d 142 (2d Cir. 1993); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.* 170 F.R.D. 361 (S.D.N.Y. 1997) (on a Rule 12(b)(6) motion, courts may take judicial notice of facts in the public record that are submitted to them by litigants); *Day v. Moscow,* 955 F.2d 807 (2d Cir. 1992) (courts take judicial notice of prior court records and decisions). As a matter of convenience, relevant documents are attached to the accompanying Declaration of Barry I. Levy, Esq.

medical benefits provided by the Fund. The Fund is a multi-employer jointly administered welfare fund established pursuant to a declaration of trust and maintained pursuant to various collective bargaining agreements between the Union and 3 separate employers, including NYP.

The benefits that plaintiff was eligible to receive are funded by two separate sources. The first source of funding is contributions made by NYP and other employers to the Welfare Fund. The second source of funding is contributions from Local 2 members who elected to receive benefits. These employee contributions have existed in one form or another for more than 20 years.

In March 2004, employee contributions to the Fund were increased due to rising healthcare costs. To help alleviate the economic impact of the increased contributions to NYP employees such as plaintiff, Local 2 negotiated an agreement with NYP establishing a Cafeteria Plan pursuant to IRS Section 125 (the "Cafeteria Plan" or "Plan") to enable participating members to make the contributions to the Fund on a pre-tax basis. In July 2004, the Local 2 members were informed that contributions to the Fund could be made directly by individual members on an after-tax basis, or withheld on a pre-tax basis through participation in the Cafeteria Plan. Furthermore, recipients of benefits, including plaintiff, were advised in July 2004 that failure to make contributions using either method would result in termination of benefits. Plaintiff refused to execute an authorization to participate in the Cafeteria Plan. As a result, NYP could not lawfully deduct pre-tax contributions from his weekly paychecks for purposes of remitting them to the Fund. Plaintiff also failed to make any post-tax contributions to the Fund. In fact, Plaintiff never made a single employee contribution to the Fund during the entire period in which he received benefits. As a result, the Fund determined that Mr. Paulino was no longer eligible for coverage and his benefits were terminated. Even though a notice of

3

continuation coverage was not required (*i.e.* the COBRA Notice) the Fund mailed one to Mr. Paulino on February 7, 2005.

## II.    **Prior Litigation Involving Paulino**

### A.    **Paulino I**

On May 11, 2005, Plaintiff commenced his initial lawsuit against Local 2 and NYP entitled *Daniel Paulino v. The New York Pressmen's Number Two and the New York Post*, Docket No.: 05-4647(GBD).[2]  On July 6, 2005, Plaintiff filed an amended complaint in which he acknowledged that he received but refused to sign the Cafeteria Plan enrollment form on two (2) separate occasions, to authorize the deduction of pre-tax contributions from his pay for employee contributions to the Plan. (*Paulino I* - Amended Complaint ¶¶ 30, 31, 36)  In the Amended Complaint, plaintiff directly challenged the termination of his medical benefits, alleging claims for violations of ERISA §502(a)(1)(B) and §510 based upon Local 2's alleged wrongful termination of his medical benefits. (*Paulino I* - Amended Complaint ¶¶ 68-73)

On August 1, 2005, Local 2 moved for summary judgment and to dismiss the Amended Complaint.  NYP elected to answer rather than move. (*See* Docket Entry No. 15)  Plaintiff's response to Local 2's motion was an August 29, 2005 memorandum that conceded the absence of any factual or legal support for the majority of the claims Plaintiff asserted (including the ERISA claims), and withdrew (with prejudice) all of the claims against Local 2 with the exception of the Title VII claims.  At the same time, plaintiff filed a one-page motion seeking to add the Fund as a party. (*See Paulino I* - Docket Entry No. 20)  Six days later, on September 6, 2005, plaintiff filed a further motion seeking to amend/correct the Amended Complaint, to assert

---

[2]    Although ERISA claims were not contained in the original complaint in *Paulino I*, plaintiff and his counsel presented a claim arising from the same nucleus of fact, asserting that Paulno's rights under COBRA were violated as a result of the "unlawful termination of his medical benefits". (Paulino I - Original Complaint ¶¶ 64-66)

claims against the Fund, and to "clarify" claims against NYP and Local 2. Attached to the motion was a Proposed Second Amended Complaint. (*See Paulino I* - Docket Entry No. 21). The Proposed Second Amended Complaint abandoned the state law discrimination claims against NYP but continued to assert Title VII claims. (*Paulino I* - Proposed Second Amended Complaint ¶¶ 83-91) In addition, the Proposed Second Amended Complaint now asserted claims under ERISA §502(a)(3) against both NYP and the Fund (as "co-administrators") for breach of fiduciary duty in violation of ERISA §509 and §504 stemming from the Fund's decision to deny plaintiff coverage for benefits under plaintiff's benefits plan. (*Paulino I* - Proposed Second Amended Complaint ¶¶ 92-105). The sections of ERISA upon which this proposed complaint were based are the very same sections that form the basis of this latest action.

NYP was never required to respond to the Proposed Second Amended Complaint. In late September 2005 (less than one month after he filed the Proposed Second Amended Complaint) plaintiff sought an order from the Court for permission to withdraw all claims against NYP, a request granted by Order dated September 30, 2005. (*Paulino I* – Docket Entry No. 27)   On October 4, 2005, counsel for plaintiff and NYP filed a jointly executed Order and Stipulation of Dismissal With Prejudice, which was signed by this Court on October 5, 2005. (*Paulino I* – Docket Entry No. 27)    Notably, the Order and Stipulation provided for the dismissal of all claims that "were or could have been asserted against" NYP in the action.

### B.    Paulino II

Notwithstanding the dismissal of plaintiff's claims against NYP, the litigation continued. On December 14, 2005, the Court denied plaintiff's motion to file the Proposed Second Amended Complaint. (*See Paulino I* – Docket Entry No. 35)    However, the Court granted plaintiff leave to file a Proposed Third Amended Complaint (the fourth version of the pleading) by January 4, 2006, and granted Local 2 and the Fund the right to file any supplemental

memorandum and/or declarations opposing the proposed pleading in advance of a conference which was then scheduled for March 1, 2006.

Instead of following the Court's direction, plaintiff's counsel filed an entirely new action on January 4, 2006 entitled *Paulino v. The New York Printing Pressmen's Union, Local Two*, Docket No.: CV 06-0053(GBD).  NYP was not named as a defendant in *Paulino II* because of the Order and Stipulation.  However, the complaint in *Paulino II*: (i) named Local 2 as well as the Fund, its administrator and trustees, (ii) challenged the decision to terminate plaintiff's medical coverage under his benefits plan as well as his decision not to enroll in the Cafeteria Plan (*See Paulino II* – Complaint ¶¶ 2, 53, 54, 62, 64 and 67), and (iii) asserted claims for breach of fiduciary duty under ERISA §502(a)(3) and failure to provide information under §502(c)(1) (*See Paulino II* – Complaint ¶¶ 81-89).

On February 17, 2006, Local 2 and the Fund Defendants filed motions to dismiss and/or for summary judgment.  (*See Paulino II* – Docket Entries No. 6-12).  Plaintiff did not oppose the Fund Defendants' motion and the claims were dismissed with prejudice by the Court on April 5, 2006.  (*See Paulino II* – Docket Entries No. 18).  On May 7, 2007, the Court issued a memorandum opinion and order which terminated the litigation and dismissed all of the plaintiff's remaining claims against Local 2.  (*See Paulino II* – Docket Entries No. 28).  Notably, the Court made specific findings of fact in its decision, concluding that the Fund was the party who terminated Paulino's medical benefits and that the termination was justified based upon his refusal to enroll in the Cafeteria Plan or to make the contributions to the Fund himself on a post - tax basis.

### C.    <u>Paulino III</u>

Despite having failed to establish meritorious claims against NYP, Local 2 or the Fund in *Paulino I* or *Paulino II*, plaintiff filed the present complaint against the NYP on October 3, 2007.

(*See Paulino III* – Docket Entry No. 1)   Notwithstanding the fact that: (i) in *Paulino I* this Court signed the Stipulation and Order that dismissed with prejudice "all claims that were or could have been asserted against" NYP, and (ii) in *Paulino II*, plaintiff litigated to disposition a vast array of ERISA claims involving the termination of his medical coverage under his benefits plan, plaintiff now has asserted a series of ERISA claims against NYP in the present complaint that are predicated on the same facts, statutes and legal theories that already have been addressed in the prior litigation.

## THE STANDARDS ON THIS MOTION

### A.    The Standard on a Motion to Dismiss under Rule 12(b)(6)

Under Rule 12(b)(6), a complaint should be dismissed where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). While "the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice." *Law Offices of Curtis V. Trinko, LLP v. Bell Atlantic Corp.,* 309 F.3d 71, 74 (2d Cir. 2002); *quoting Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996).

The district court must generally confine its consideration "to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. Westpoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991); *see also Gant v. Wallingford Board of Education,* 69 F.3d 669, 673 (2d Cir. 1995).   However, in deciding the motion, the Court is entitled to take into account documents filed in connection with prior litigation as well as prior decisions that have been issued.   *See Brass v. American Film Technologies, Inc.,* 987 F.2d 142 (2d Cir. 1993); *Day v. Moscow,* 955 F.2d 807 (2d Cir. 1992) (courts take judicial notice of prior court records and decisions); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.* 170 F.R.D. 361 (S.D.N.Y.

7

1997) (on a Rule 12(b)(6) motion, courts may take judicial notice of facts in the public record that are submitted to them by litigants).

### B.      The Standard on a Motion for Summary Judgment

Pursuant to Rule 56, summary judgment is proper where it is demonstrated "that there is no genuine issue as to any material fact, and that a moving party is entitled to judgment as a matter of law." *Horn Hardart Co. v. Pillsbury Co.,* 888 F.2d 8, 10 (2d Cir. 1989); *Murray V. National Broadcasting Co.,* 844 F.2d 988, 992 (2d Cir. 1988); *cert. denied* 488 U.S. 955, 109 S.Ct. 391 (1988). Whether a fact is material depends on the substantive law underlying a particular claim and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986).

The function of a district court judge is "not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson, supra,* 477 U.S. at 249, 106 S.Ct. at 2510; *see also R.C. Bigelow, Inc, v. Unilever, N.V.,* 867 F.2d 102, 107 (2d Cir. 1989); *cert. denied* 493 U.S. 815, 110 S.Ct. 64 (1989) ("Summary judgment is appropriate against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case") (internal quotations and citations omitted). Although the burden is on the moving party to demonstrate that there is no genuine issue of fact to be tried, this burden may be discharged with a showing that "there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986); *see also Trebor Sportswear Co. v. Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir. 1989).

## ARGUMENT

## I.   *RES JUDICATA* REQUIRES DISMISSAL OF PLAINTIFF'S CLAIMS PURSUANT TO RULE 12(b)(6)

It is well settled that a defendant may present a challenge to a complaint based on the doctrines of *res judicata* and/or collateral estoppel through a motion to dismiss pursuant to Rule 12(b)(6). *See W. E. Hedger Transp. Corp. v. Ira S. Bushey & Sons, Inc.,* 92 F. Supp. 112, 113 (E.D.N.Y. 1950); *aff'd* 186 F.2d 236 (2d Cir. 1951); *see also Day, supra,* 955 F.2d at 811 ("Generally *res judicata* is an affirmative defense to be pleaded in the defendant's answer. ... However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer"); *Meagher v. Board of Trustees,* 921 F. Supp. 161, 165 (S.D.N.Y. 1995).   Consideration of the court filings and dispositions in both *Paulino I* and *Paulino II* clearly demonstrate that *res judicata* forecloses the claims plaintiff has asserted in this action because they are: (i) mirror images of claims that have already been withdrawn and/or dismissed against NYP, Local 2 and the Fund; or (ii) claims could have been presented against NYP in the prior litigation but were not.  *See Perez v. Danbury Hospital,* 347 F.3d 419, 426 (2d Cir. 2003)(*res judicata* precludes parties from litigating issues that were or could have been raised in a prior proceeding); *see also Rose v. Bethel,* 2007 WL 2476389 at  *7 (S.D.N.Y., August 29, 2007)(GBD) (same). To establish that a claim is precluded under the doctrine of *res judicata,* a party must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001); *quoting Monahan v, New York City Department of Corrections,* 214 F.3d 284-285 (2d Cir. 2000).  Dismissal is clearly warranted as NYP can establish each of these elements.

First, there is no question that the Stipulation and Order entered by this Court in *Paulino I* operates as a final judgment for purposes of the present motion. *Marvel Characters v. Simon,* 310 F.3d 280, 287 (2d Cir. 2002); *see also Nemaizer v. Baker,* 793 F.2d 58, 60-61 (2d Cir. 1986) ("Such a dismissal constitutes a final judgment with the preclusive effect of *res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit") (internal quotations and citations omitted). Second, both plaintiff and NYP were the actual parties in *Paulino I.*

Finally, the claims that have been asserted by plaintiff in his most recent complaint could have been asserted against NYP in *Paulino I* because plaintiff had a full and fair opportunity to litigate his claims.[3] *See EDP Med. Computer Sys. v. United States,* 480 F.3d 621, 626 (2d Cir. 2007). Indeed, the heart of the matter addressed in *Paulino I* was whether plaintiff's medical benefits were terminated in retaliation for his refusal to execute the Cafeteria Plan authorization (as plaintiff claimed), or whether plaintiff's benefits were terminated because of his refusal to make the required contributions on either a pre-tax and post tax basis (as actually occurred). Those basic factual questions – regardless of whether they were styled as claims pursuant to ERISA, COBRA or Title VII – underpinned each of the pleadings filed in plaintiff's previous litigation, and form a factual nexus with all claims that plaintiff seeks to litigate against NYP in the present case. In short, the subject matter of the prior litigation and the present litigation is indistinguishable – except for the party plaintiff has now chosen to target. *See Woods v. Dunlop*

---

[3]    That conclusion is reinforced when the Court considers that the plaintiff's Proposed Second Amended Complaint in *Paulino I*, which preceded the Stipulation and Order of Dismissal With Prejudice, actually asserted claims against NYP under ERISA § 502(a)(3) as a "co-administrator" of the Fund for breach of fiduciary duty in violation of ERISA §§ 509 and 504 stemming from the Fund's decision to deny plaintiff coverage for benefits under the Plan. Although the court rejected that pleading, the plaintiff's inclusion of those claims and the conscious decision to dismiss them demonstrates that they had notice of a potential claim – and by extension - a full and fair opportunity to litigate existed.

*Tire Corp.,* 972 F.2d 36, 39 (2d Cir. 1992)(it is the "identity of facts surrounding the occurrence

which constitutes the cause of action, not the legal theory upon which [a plaintiff] chose to frame

[its] complaint.")

The plaintiff's attempt to revisit these issues through the prosecution of this baseless

lawsuit is not only improper as a matter of law, *Waldman v. Village of Kiryas Joel,* 207 F.3d 105,

110 (2d Cir. 2000) ("a plaintiff cannot avoid the effects of *res judicata* by 'splitting' his claim

into various suits, based on different legal theories with different evidence 'necessary' to each

suit"), but also inconsistent with the policy supporting collateral estoppel because the

advancement of the claims would impair the rights and interests of NYP created by the Order

and Stipulation signed and entered in *Paulino I. Tucker v. Arthur Andersen & Co.,* 646 F.2d 721,

727 (2d Cir. 1981); *Herendeen v. Champion International Corp.,* 525 F.2d 130, 133 (2d Cir.

1975); *c.f. EDP Med. Computer Systems,* supra, 480 F.3d at 624 ("*Res judicata* is a rule of

fundamental repose important for both the litigants and for society. ... It relieve[s] parties of the

cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing

inconsistent decisions, encourage[s] reliance on adjudication")(internal quotations and citations

omitted)).

## II.     THE FINDINGS OF FACT MADE BY THE COURT IN *PAULINO II* ALSO BAR THE VAST MAJORITY OF THE PLAINTIFF'S CLAIMS

The entire factual premise of the claims asserted by plaintiff in this action is that NYP

terminated his medical benefits, and therefore is responsible for various non-descript ERISA

violations.  In addition to the legal and procedural defects associated with each of those claims

(as discussed below) the fact is that the claims are foreclosed by the findings made by this Court

in *Paulino II.*  In *Paulino II*, this Court granted New York Newspaper Printing Pressmen's Union

Local No. 2's ("Local 2" or the "Union") motion for summary judgment and dismissed all of

plaintiff's claims, including a retaliation claim against Local 2 based upon the alleged termination of plaintiff's health insurance.[4] (*See* Levy Decl., Exhibits "O" and "P"). More importantly, the Court's actual findings of fact recognized, consistent with what plaintiff actually acknowledged in his complaint, that the Fund (not NYP) terminated Paulino's medical benefits because he refused to enroll in the Cafeteria Plan and did not make the contributions himself. (*Id.*) In short, the record in *Paulino II* (including the complaint itself) and the Court's actual findings demonstrate that NYP played no role in the termination of plaintiff's coverage for medical benefits. As a result, the first and second causes of action seeking relief under ERISA attributable to the termination of plaintiff's medical coverage are foreclosed under the issue preclusion doctrine.[5] *See Transaero, Inc. v. LaFuerza Aerera Boliviana*, 162 F.3d 724, 731 (2d Cir. 1998); *cert. denied*, 526 U.S. 1146 (1999) (issue preclusion doctrine "bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding."); *Marvel Characters, Inc. v. Simon*, 310 F.3d 2d 280, 286 (2d Cir. 2002) (same); *see also Rose v. Bethel*, 2007 WL 2476389 at * 2

---

[4]    Remarkably, plaintiff alleged in *Paulino II* that the <u>Union</u> was the party who terminated his health insurance, and never disputed the declaration of Robert Costello (the Fund Administrator), who acknowledged that his benefits were terminated by the Fund because of Paulino's failure to make the employee contribution. Having had that claim summarily dismissed with prejudice in *Paulino II*, plaintiff now asserts that NYP was the party responsible for the termination of his medical benefits. Although the doctrine of judicial estoppel does not technically apply in this case because the Court rejected plaintiff's position in Paulino II, this sort of conduct smacks of the type of conduct that the Supreme Court admonished in *New Hampshire v. Maine,* 532 U.S. 742, 750, 121 S.Ct. 1808 (2001) because it reflects a "fast and loose" approach to the courts that generally has been deemed unacceptable.

[5]    The application of issue preclusion turns on four elements: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *See Ball v. A.O. Smith Corp.,* 451 F.3d 66, 69 (2d Cir. 2006). Each of those elements are satisfied in this case.

(S.D.N.Y., August 29, 2007)(Daniels, USDJ) (adopting report and recommendation granting summary judgment in favor of defendants where issue of absolute immunity was decided in earlier EDNY litigation).

### III.   SUMMARY JUDGMENT SHOULD BE GRANTED – PLAINTIFF HAS NOT EXHAUSTED HIS ADMINISTRATIVE REMEDIES

Throughout the two and one half year period during which Paulino brought multiple, frivolous lawsuits against NYP and other defendants, motion upon motion has been filed seeking dismissal of plaintiff's ERISA claims based upon his failure to exhaust his administrative remedies. Local 2 filed the first such motion in *Paulino I* in response to the Amended Complaint. (*See* Levy Decl., Exhibit "F"). That motion resulted in the withdrawal of plaintiff's ERISA claims. Similarly, in *Paulino II*, the Fund filed a pre-answer motion to dismiss plaintiff's ERISA claims based upon his failure to exhaust his administrative remedies (*see* Levy Decl., Exhibit "N"). Once again, plaintiff withdrew his claims against the Fund instead of responding. Apparently, the prior motions have not sufficiently educated plaintiff's counsel, as he has asserted the same claims (now against NYP) without exhausting any of plaintiff's administrative remedies under the benefits plan. Whether attributable to simple ignorance, or otherwise, the claims asserted against NYP in this most recent case also are subject to dismissal because plaintiff still has not exhausted his administrative remedies.[6]

The Second Circuit has recognized "the firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases." *See Alfarone v. Bernie Wolff*

---

[6]    In this most recent version, plaintiff alleges that that NYP: (i) failed to charge uniform premiums in violation of 29 U.S.C. §§ 1322(a) and 1306; and (ii) failed to make contributions on plaintiff's behalf, in violation of 29 U.S.C. § 1145; both of which purportedly amounted to (iii) a breach of fiduciary duty under 29 U.S.C. § 1104. As discussed in Point IV, each of these claims are factually and legally flawed. Furthermore, these claims essentially are a benefits claim under ERISA §502(a)(1)(b) dressed up as a claim for breach of fiduciary duty. Accordingly, they are subject to the same administration exhaustion requirements as all other claims in this case.

*Construction,* 788 F.2d 76, 79 (2d Cir.), *cert. denied,* 479 U.S. 915 (1986). Thus, the Second Circuit has consistently held that available plan administrative remedies must be exhausted prior to initiation of litigation seeking plan benefits. *See, e.g., Thomas v. Verizon,* 2005 WL 3116752 at * 1 (2d Cir. 2005) (affirming summary judgment where plaintiff failed to exhaust administrative remedies prior to bringing suit on ERISA claim); *Leonelli, supra,* 887 F.2d at 1199 (affirming denial of leave to amend complaint where the plaintiff made no attempt, as required, to exhaust the administrative remedies provided for under a benefits plan); *see also Kennedy v. Empire Blue Cross & Blue Shield,* 989 F.2d 588, 593-96 (2d Cir. 1993) (affirming judgment of the district court dismissing plaintiff class' complaint on grounds of failure to exhaust administrative remedies). Here, the benefits plan sponsored by the Welfare Fund sates:

<u>Limitations on When a Lawsuit May Be Started</u>

> You may not start a lawsuit to obtain benefits until after you have requested a review and a final decision has been reached on review, or until 90 days have elapsed since you filed a request for review if you have not received a final decision or notice that an additional 60 days will be necessary to reach a final decision. No lawsuit may be started more than three years after the time proof of claim must be given. *See* Summary Plan Description at page 56.[7]

As in *Paulino I* and *Paulino II,* plaintiff's complaint in this most recent case fails to allege any facts demonstrating that he exhausted any of the administrative remedies under either the benefits plan or the Cafeteria Plan prior to initiating this litigation. On this basis as well, the

---

[7]      A similar series of administrative remedies are set forth in the Cafeteria Plan. (*See* Levy Decl. Exhibit "R" at pp. 4-5). A disputed claim must first be submitted to the Claims Administrator who is responsible for making a benefit determination. That decision is subject to an appeal which is then heard before a "Committee" of two or more persons, whose decision is final and binding. (*Id.* at pages 5-6). The decisions of the Committee, if ultimately challenged through a legal proceeding, would be subject to review only to determine whether the decision was arbitrary and/or capricious under the standard established in *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989); *see also Zervos v. Verizon New York, Inc.,* 277 F.3d 635, 646 (2d Cir. 2002) ("If the administrator has discretion, courts review a denial of benefits under an arbitrary and capricious standard.")

plaintiff's ERISA claims must be dismissed. *Greifenberger v. Hartford Life Insurance Co.,* 2003 WL 22990093 at * 4 (S.D.N.Y. 2003) ("If a plaintiff fails to allege that he or she has exhausted administrative remedies, the claim must be dismissed."); *see also Burgie v. Euro Brokers, Inc.,* 482 F. Supp.2d 302, 312 fn.18 (E.D.N.Y. 2007) (same).

## IV.    PLAINTIFF'S COMPLAINT DOES NOT STATE A CLAIM AGAINST NYP FOR VIOLATIONS OF ERISA

As discussed within this memorandum, Plaintiff's complaint is nothing more than a mindless compilation of legal citations, none of which have any connection to one another or make any logical sense.[8] None of the statutes under which plaintiff purports to allege a claim for benefit entitlement pursuant to 29 U.S.C. §1104, 29 U.S.C. §1132(a)(1)(b) as well as for equitable relief pursuant to 29 U.S.C. §1132(a)(3) have any application.  As discussed below, those claims should be dismissed as a matter of law pursuant to Rule 12(b)(6) and Rule 56 because: (i) plaintiff's claim for an alleged violation of 29 U.S.C. §1104 is factually unsupported

---

[8]    Plaintiff's claim that – by not participating in the Cafeteria Plan – he became entitled to a "cash benefit" over and above the amount that would have been deducted from his paychecks on a pre-tax basis is utterly ridiculous. The relevant portion of the Cafeteria Plan Summary Plan Description reads as follows:

> You will be deemed to have elected to receive a cash benefit equal to the amount of your wages that would be paid to you for a plan year if you do not make an election to make the employee contribution to and receive benefits under the Plan (the "Cash Benefit"). (*See* Levy Decl. Exhibit "R" at pp. 1-2)

The Summary Plan Description adds that "If you do not have a valid election for a Wage Reduction Amount [*i.e.,* a pre-tax contribution to the Cafeteria Plan], you will receive a Cash Benefit in the same manner as your regular wages." *Id.* at p. 4.

It is clear from the Summary Plan Description that the "cash benefit" contemplated is nothing more than regular wages paid directly to employees on a post-tax basis, rather than to the Cafeteria Plan on a pre-tax basis. Plaintiff, who did not participate in the Cafeteria Plan, received his cash benefit in the form of those wages that otherwise would have been applied, on a pre-tax basis, to Cafeteria Plan participation.

and in direct conflict with this Court's ruling in *Paulino II*; (ii) NYP is not a proper defendant in a claim seeking benefits under 29 U.S.C. §1132 because it is neither the plan, the plan administrator, nor a trustee; and (iii) plaintiff does not have a claim under any section of 29 U.S.C. §1132 because he does not qualify for coverage under the his benefits plan, and lacks standing because he is not a participant.

      1.      Plaintiff's ERISA §1104 Claim Is Factually Unsupported and Foreclosed by The Determination in *Paulino II*

Plaintiff's first cause of action alleges that NYP breached its fiduciary obligation under ERISA § 504 by failing to make the required "employer" contributions to the Fund on Paulino's behalf, and that the failure of NYP to make those employer contributions resulted in the termination of his benefits and caused him to suffer out-of-pocket losses for medical claims. (Levy Decl. Exhibit "Q" at ¶¶ 41-47)   That claim is both legally and factually foreclosed in this case for two (2) reasons.   First, the evidence in this case demonstrates that all of the employer contributions have been made on behalf of Mr. Paulino to the Fund by NYP as required by the collective bargaining agreement.[9] (Levy Decl. Exhibit "T" at ¶¶ 2-4)  Furthermore, the record in this litigation conclusively establishes – and this Court already has determined – that Paulino's benefits were terminated by the Fund (not NYP) because Paulino failed to make the required

---

[9]      NYP seriously questions the good faith basis for these allegations and believes that they have been concocted out of whole cloth in violation of Rule 11.  *See, e.g., Protic v. Dengler,* 46 F.Supp.2d 277 (S.D.N.Y. 1999) ("Plaintiff is cautioned to give due regard to Rule 11 in the event he files an amended complaint, as the good faith basis for some of the factual allegations in the existing and proposed amended complaints is not readily apparent.)  This strikes a familiar chord, as in *Paulino II* plaintiff's counsel continued to maintain a claim that the Union's placement of Paulino on the priority list was improper despite his client's own acknowledgment that the time sheets provided by NYP to the Union were accurate.

"employee" contributions to the Fund in order to make him an eligible participant. On this basis alone, the ERISA § 504 should be dismissed as a matter of law.[10]

2.    NYP Is Not A Proper Defendant Under Section 502

In the Second Circuit, it is well-established that, in a claim for benefits under the terms of an employee benefit plan pursuant to 29 U.S.C. §1132, liability only extends to the plan and the administrators and trustees of the plan in their capacity as such. *Leonelli v. Pennwalt Corp.,* 887 F.2d 1195, 1199 (2d Cir.1989) ("In a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable"); *Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 509 (2d Cir. 2002) (same); *see also Chapro v. SSR Realty Advisors, Inc. Severance Plan,* 351 F. Supp.2d 152, 155 (S.D.N.Y. 2004) (same)[11] Because NYP is neither the plan, the administrator of the plan nor a trustee of the plan, it is not a proper party to the Section 502 claim. *See, e.g., Crocco v. Xerox Corp.,* 137 F.3d 105, 107-108 (2d Cir. 1998) (dismissing §1132 claim against employer for benefits because it was neither the designated plan administrator nor a plan trustee); *c.f. Tocker v. Philip Morris*

---

[10]    Standing to prosecute ERISA claims is limited, under 29 U.S.C. § 1132(a), to plan participants, beneficiaries, or fiduciaries. Standing is determined at the time of the lawsuit, not at the time of the alleged ERISA violation. *See T & M Meat Fair, Inc. v. UFCW, Local 174,* 210 F. Supp.2d 443, 449 (S.D.N.Y. 2002); *Donohue v. Teamsters Local 282 Welfare,* 12 F. Supp.2d 273, 279 (E.D.N.Y. 1998). This Court has already determined that "Plaintiff refused to enroll in the cafeteria withholding plan, and he did not make the contributions himself" and that "as a result, plaintiff's health insurance was interrupted." (Levy Decl., Exhibit "P"). Accordingly, Plaintiff was not – and is not – a plan participant and lacks standing to initiate any of the ERISA claims.

[11]    This conclusion is consistent with the language in 29 U.S.C. § 1132(d)(1), which states that "[a]n employee benefit plan may sue or be sued under this subchapter as an entity," and in subsection (d)(2), which states that "[a]ny money judgment ... against an employee benefit plan shall be enforceable only against the plan as an entity." *See Chapman v. ChoiceCare Long Island Term Disability Plan,* 288 F.3d 506, 509 (2d Cir. 2002)

17

*Companies Inc.,* 346 F. Supp.2d 460, 467 (S.D.N.Y. 2004) (finding that parties that either directly or indirectly employed plaintiff were not proper defendants in a Section 502 claim).

3.    Plaintiff Cannot Assert a Section 502 Claim Because He Did Not Qualify For Coverage Under the Plan

A claim under Section 502 has been recognized in this Circuit as the assertion of a contractual right under a benefit plan. *See Devlin v. Empire Blue Cross and Blue Shield,* 274 F.3d 76, 82 (2d Cir. 2001). Thus, in order to enforce the terms of the plan under Section 502, the "participant must first qualify for the benefits provided in that plan." *Strom v. Goldman, Sachs & Co.,* 202 F.3d 138, 142 (2d Cir.1999); *quoting Tolle v. Carroll Touch, Inc.,* 977 F.2d 1129, 1133 (7th Cir.1992); *see also Yoon v. Fordham Univ. Faculty and Administrative Retirement Plan,* 263 F.3d 196, 207 (2d Cir. 2001) (Kaplan, concurring opinion).    In this case, plaintiff's complaint fails to allege that he was qualified (*i.e.* eligible) for the benefits under the terms of the Plan that were provided by the Fund.    Indeed, it would be impossible for plaintiff to make that assertion in light of the representations in his prior pleadings – namely, that he refused to authorize a payroll deduction that would have allowed participant contributions that are required in order for one to be eligible for benefits. (*See* Levy Decl. Exhibit "E" at ¶¶ 30-36; Exhibit "A" at ¶ 54).    Independent of plaintiff's pleadings, the record in *Paulino II* and the Court's decision granting the Union summary judgment conclusively demonstrate that plaintiff never once paid the participant contributions to the Welfare Fund that were a condition of eligibility for benefits under the benefits plan. Accordingly, has has no right to assert a Section 502 claim seeking benefits. *See, e.g., Marotta v. Road Carrier Local 707 Welfare Fund,* 100 F. Supp.2d 149, 164 (E.D.N.Y. 2000) (granting summary judgment dismissing Section 502 claim against welfare fund seeking spousal coverage because the participant had not qualified for the coverage at the time of his retirement).

4.    Plaintiff's Claim against NYP Under ERISA §503(a)(2) Cannot Stand Since He
Could Bring a Claim Against the Welfare Fund Under ERISA § 502(a)(1)(B)

Paulino's alternative claim for equitable relief under ERISA § 502(a)(3) is nothing more

than a thinly-disguised claim for benefits.  As such, it should be dismissed as a matter of law because

– as discussed *supra* – such a claim can be and must first be brought by plaintiff against the Welfare

Fund under ERISA § 502(a)(1)(B) seeking a determination of his benefit rights.  The Second Circuit

has held that plan participants cannot seek equitable relief under § 502(a)(3) when the alleged harm

can be compensated by monetary damages, and the participants have available the "alternative and

effective remedy" under ERISA § 502(a)(1)(B) to recover the value of benefits.  *Nechis v. Oxford*

*Health Plans, Inc.,* 421 F.3d 96, 103 (2d Cir. 2005).

Likewise, where plaintiffs' claims for equitable relief are clearly restatements for their

claims for unpaid benefits and penalties, a § 502(a)(3) claim is *not* actionable.  *Krauss v. Oxford*

*Health Plans, Inc.,* No. 04 Civ. 6080, 2005 U.S. Dist. LEXIS 34379, at *45-46 (S.D.N.Y. Dec. 13,

2005).  Thus, in "determining the propriety of a remedy, we must look to the real nature of the relief

sought, not its label." *Del Greco v. CVS Corp.,* 337 F. Supp. 2d 475, 487 (S.D.N.Y. 2004) (citation

omitted); *see also Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 210-11 (2002) (holding

that a judgment, injunction or declaration to compel the payment of money is a *legal*, not equitable,

remedy).  Here, it is undisputed that Paulino could pursue, upon the exhaustion of his

administrative remedies, a claim under ERISA § 502(a)(1)(B) on the grounds that he was

wrongfully denied benefits under the his benefits plan.  In fact, this was the very claim that plaintiff

advanced and withdrew against the Welfare Fund and its Trustees in *Paulino II.* (Levy Decl.

Exhibit "A" at ¶¶ 2, 84-89)   Although Paulino once again has superficially professed to seek

certain "equitable" remedies — that is, an Order "enjoining Defendant's unlawful acts" and "other

appropriate equitable relief' (Levy Decl. Exhibit "Q" at ¶¶ 55-56) — it is beyond cavil that

19

plaintiff seeks money damages on behalf of himself and his spouse for lost medical benefits. (*Id.* at ¶ 54 and pp. 8-9). Accordingly, plaintiff's claim under ERISA § 502(a)(3) should be dismissed for this reason, as well.

## V.    PLAINTIFF AND PLAINTIFF'S COUNSEL SHOULD BE SANCTIONED PURSUANT TO 28 U.S.C. § 1927

There is no factual or legal merit to plaintiff's claims – and no colorable argument can be made for them. As discussed within this memorandum of law, the defects inherent in the plaintiff's case – both as a matter of pleading and as a matter of substance – demonstrate that this action is frivolous and was commenced in bad faith.

Not only did the plaintiff stipulate to the dismissal, with prejudice, of his earlier claims against NYP – including all claims "that could have been brought" – he did so using the same counsel who now brings the present action. Additionally, the claims that the plaintiff has chosen to advance in this case simply are baseless. There is no excuse that can justify the plaintiff and his counsel's transparent attempt to beleaguer NYP with already-resolved, duplicative, vexatious litigation. Under these circumstances, Defendant respectfully submits that the Court should issue an order imposing sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent power, and direct that the NYP be reimbursed for the sums it was forced to expend to file this motion. *See* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *see also United States v. International Brotherhood of Teamsters,* 948 F.2d 1338, 1345 (2d Cir. 1991) (an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose); *Revson v.*

*Cinque & Cinque,* 221 F.3d 71, 79 (2d Cir. 2000) (court has power to award attorneys' fees under the inherent power doctrine).

## **CONCLUSION**

NYP's motion to dismiss and for summary judgment should be granted.  Plaintiff and his counsel should be sanctioned pursuant to 28 U.S.C. §1927, and be directed to reimburse NYP for its' counsel fees and costs associated with the preparation and filing of this motion.


Dated: Uniondale, New York
      November 8, 2007

                        Respectfully submitted,

                        RIVKIN RADLER LLP

                        By:___*/s/ Barry I. Levy*_____
                                  Barry I. Levy (BL 2190)
                                  A Member of the Firm
                        926 RexCorp Plaza
                        Uniondale, New York  11556
                        (516) 357-3000

                        *Counsel for Defendant, NYP Holdings, Inc.*
                        *s/h/a News Corp.*

*Of Counsel:*

Max Gershenoff, Esq.


2093518 v1

21